LYNETTE L. KAOWILI, individually and as Special Administratrix of the Estate of LAWRENCE P. KAOWILI, deceased, and as Guardian Prochein Ami for OCEAN P. KAOWILI, LANCE W. KAOWILI, LAUREEN K. KAOWILI, LORNA M. H. KAOWILI and LAWRENCE K. KAOWILI, all minors, Plaintiffs-Appellees, Cross-Appellants, *v.* RAYMARK INDUSTRIES, INC., Successor to RAYBESTOS-MANHATTEN, INC., a Connecticut corporation, Defendant-Appellant, Cross-Appellee. and JOHNS-MANVILLE SALES CORPORATION, formerly known as JOHNS-MANVILLE PRODUCTS CORPORATION, a Delaware corporation, also formerly known as JOHNS-MANVILLE CORPORATION, a New York corporation; FIBREBOARD CORPORATION, formerly known as FIBREBOARD PAPER PRODUCTS CORPORATION, a Delaware corporation; COMBUSTION ENGINEERING, INC., a Delaware corporation; OWENS-CORNING FIBERGLAS CORPORATION, a Delaware corporation; EAGLE-PICHER INDUSTRIES, INCORPORATED, an Ohio corporation; PITTSBURG CORNING CORPORATION, a Pennsylvania corporation; UNARCO INDUSTRIES, INCORPORATED, formerly known as UNION ASBESTOS AND RUBBER COMPANY, a Delaware corporation; CELOTEX CORPORATION, a Delaware corporation, formerly known as PANACON CORPORATION, formerly known as BRIGGS MANUFACTURING COMPANY; and PHILIP CAREY CORPORATION, a Pennsylvania corporation; AC AND S, a Delaware corporation, formerly known as ARMSTRONG CONTRACTING AND SUPPLY CORPORATION, a Delaware corporation; STANDARD ASBESTOS MANUFACTURING AND INSULATING COMPANY, a Missouri corporation; RUBEROID COMPANY, a Delaware corporation; FORTY-EIGHT INSULATION, INC., an Illinois corporation; NICOLET INDUSTRIES, INC., a Pennsylvania corporation; GAF CORPORATION, a Delaware corporation; SOUTHERN ASBESTOS COMPANY, a Delaware corporation; J.P. STEVENS, INC., a Delaware corporation; DELAWARE ASBESTOS AND RUBBER COMPANY, a Pennsylvania corporation; H.K. PORTER CO., INC., a Delaware corporation; AMATEX CORPORATION, a Pennsylvania corporation; KEENE CORPORATION, a Delaware corporation; ARMSTRONG CORK COMPANY, a Pennsylvania corporation;

OWENS-ILLINOIS, INC., an Ohio corporation; CAREY CANA-DIAN MINES, LTD., a foreign corporation; ALOHA STATE SALES COMPANY, INC., a Hawaii corporation; PACOR, INC., a Pennsylvania corporation; and DOE ONE THROUGH DOE ONE HUNDRED, inclusive, Defendants

NO. 10823

(CIVIL NO. 58147)

OCTOBER 30, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

After a jury trial, judgment was entered in favor of the plaintiffs-appellees and against the defendant-appellant. The court below granted a remittitur or alternatively a new trial. Appellees accepted the remittitur. Appellant subsequently filed its appeal and the appellees filed a cross-appeal from the order granting a remittitur. Numerous claims of error are urged but we find it necessary to deal with only one.

The central claim in this case was that appellees' decedent died from cancer caused by inhaling asbestos fibers or dust generated by products manufactured by the appellant. Appellant contended that appellees' decedent's fatal cancer was not caused by asbestos fibers or dust.

Approximately two weeks prior to the commencement of the trial in this case, the trial judge below undertook an ex parte voir dire of prospective jurors on February 20 and 21, 1985. In each case, a large panel of jurors was called, was present, and could hear the questions and answers. Because of error occurring in the course of that ex parte voir dire of the panels by the court, we reverse and remand for a new trial.

HRS § 635-27 provides as follows:

*Examination for cause.* Each party shall have the right, under the direction of the court, to examine a proposed juror as to his qualifications, interest, or bias that would affect the trial of the cause and as to any matter that might tend to affect his verdict. Each party may introduce competent evidence to show the disqualification, interest, or bias of any juror.

The mechanics by which the purposes of the section just quoted are to be accomplished in civil cases is set forth in HRCP 47(a) which provides:

*Examination of Jurors.* The court shall permit the parties or their attorneys to conduct the examination of each prospective juror. The court may conduct such examination, but in such instance, the court shall permit the parties or their attorneys to supplement the examination by further inquiry.

HRS § 635-26(a) provides:

*Impaneling.* (a) At the trial of any cause requiring a jury, in any circuit court, the clerk of the court shall draw by lot such jury, to the number of twelve, from the box containing the names of such persons as have been duly summoned to attend as trial jurors, and who are not excused from attendance; and if any of the twelve be challenged and set aside, the clerk shall continue to draw by lot from the box until twelve impartial jurors are obtained, when they shall be sworn as the jurors for the trial of the cause. If so directed by the court, additional jurors shall be drawn and impaneled to sit as alternate jurors.

With respect to jury trials in the First Circuit, HRS § 612-17(d) provides:

The whole or any number of the jurors from a panel or panels ordered by a judge may be required to attend and serve. The names of those summoned and present, and not disqualified, excused or exempted, shall be placed in an appropriate container, from which there shall be drawn a sufficient number of names to constitute a trial jury. The drawing shall be by lot in open court under the supervision

of the judge. There is no requirement that names on a particular panel be exhausted before those on another panel may be used in the drawing, and the names of jurors on different panels which have been transmitted to the judge may be mixed with each other in the container during the drawing. If a jury cannot be chosen for the trial of a case from the names placed in the container before the drawing commenced, additional names may be placed in the container. For this purpose additional panels may be ordered and the prospective jurors summoned. The judge may summon jurymen from among bystanders on consent of all parties.

HRS §§ 612-4 and -5 set out when prospective jurors are disqualified and HRS § 612-6 sets out the categories of persons who may claim an exemption from jury service. HRS § 612-20 allows persons who believe themselves to be exempt or excused to request such exemption or excuse from the judge.

Due to the large volume of cases which must be handled in the First Circuit, it has become customary for the trial judges to deal with disqualifications, exemptions, or personal excuses from the panel, prior to the actual commencement of trial, and in the absence of counsel.

In this case, something entirely beyond the scope of statutory disqualification, statutory exemption or claims of personal excuse occurred. The central liability fact issue in this case, as we have said, was whether or not the plaintiffs-appellees' decedent's fatal cancer was caused by the inhalation of asbestos fibers or dust. Yet the court, in the course of its ex parte voir dire of jurors summoned on the panel, repeatedly made statements which, at the least, implied to the jurors present that decedent's demise was caused by the inhalation of asbestos dust or fibers. The most egregious example appears in the transcript of the proceedings of February 21, 1985 at lines 8, 9 and 10 of page 27.

THE COURT: Now, the plaintiff in this case died of asbestos related disease.

JUROR: Yes.

Other examples appear in that day's transcript at page 40, lines 19-21 and page 41, lines 12-15.

As to the examination conducted on February 20, 1985, similar examples appear at page 6, lines 5-7, lines 15-18; page 7, lines 20-22; and page 8, lines 10-12.

The proceedings which took place on those two days were not transcribed until May 22, 1985, long after the trial was over.

When the court below went beyond the questions of statutory disqualification or exemption or claims of personal excuse for the jurors in its ex parte qualification procedure, it committed error. When it made statements, or asked questions, which implied, or stated a conclusion, as to the central fact issue in the case, it committed prejudicial error which necessitates a new trial.

Accordingly, we do not reach the other issues raised by the appeal nor the issue with respect to the remittitur raised by the cross-appeal. Reversed and remanded for a new trial.

*Paul Devens* (*Paula Devens* with him on the briefs; *Ikazaki, Devens, Lo, Youth & Nakano* of counsel) for Raymark Industries.

*Gary O. Galiher* (*L. Richard DeRobertis* and *Stanford H. Masui* with him on the briefs; *Gary Galiher & Associates* of counsel) for Kaowili.